IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALIM NIZAR ESMAIL,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,[1]<br><br>Respondents. | Case No. 2:25-cv-08325-WLH-RAO<br><br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

On September 3, 2025, Petitioner Salim Nazir Esmail ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. No. 1. On September 9, 2025, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order seeking immediate release. Dkt. No. 4. On September 12, 2025, the Court granted in part the TRO Application and ordered that Petitioner be released from custody. Dkt. No. 8 ("TRO"). The Court further set a hearing regarding a preliminary injunction and set a briefing schedule. *Id*. Petitioner was released from custody on September 13, 2025. Dkt. No. 12-1. Further, since being released, Petitioner was issued a new Order of Supervision dated

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin, the Secretary of the Department of Homeland Security, is hereby substituted as Respondent.

September 12, 2025.  *See* Dkt. No. 9-1, Ex. 1.  On September 22, 2025, Petitioner was issued another new Order of Supervision, including revisions regarding the applicable conditions.  Dkt. No. 12-1 ¶ 11; Dkt. No. 12-2.

On September 26, 2025, the Court entered a preliminary injunction ("Preliminary Injunction"), enjoining Petitioner's further detention unless and until he is provided proper due process necessary for the revocation of an Order of Supervision and enjoining Petitioner's removal to a third country without notice or the opportunity to challenge removal through a reasonable fear interview.  Dkt. No. 14.

On October 1, 2025, Respondents filed a Motion to Dismiss the Petition, and Petitioner filed an Opposition on October 8, 2025.  *See generally* Dkt. No. 15; Dkt. No. 16.  In a joint status report to the Court, the parties represented that the matter is fully briefed on the merits of the Petition.  Dkt. No. 20.  The Court denied the Motion to Dismiss on June 12, 2026.  Dkt. No. 21.

"The party alleging mootness bears a 'heavy burden' in seeking dismissal." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).  A case might become moot only when "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."  *Laidlaw*, 528 U.S. at 189 (citation omitted).

Here, Respondents have failed to meet their burden to show how the TRO and Preliminary Injunction moot the Petition.  The Court has not made the preliminary relief granted permanent nor has it otherwise addressed Petitioner's request for prospective relief.  Further, while Respondents assert mootness, they do not make any representations regarding whether there is a likelihood that they would re-detain Petitioner.  The Court concludes that Petitioner's continued threat of re-detention absent compliance with statutory procedures is still live and in controversy.  *See*

*Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (finding mootness established where petitioner's bond release became final after ICE declined to appeal and there were no "collateral consequences").

In the TRO, the Court concluded that Petitioner is likely to succeed on the merits of his claim that his Order of Supervision was revoked in violation of the regulatory safeguards intended to ensure due process for noncitizens. *See* TRO at 12–14. On September 26, 2025, the Court entered a preliminary injunction, enjoining Petitioner's further detention unless and until he is provided proper due process necessary for the revocation of an Order of Supervision and enjoining Petitioner's removal to a third country without notice or the opportunity to challenge removal through a reasonable fear interview. *See* Preliminary Injunction at 6–14. Specifically, the Court concluded that Petitioner is likely to succeed on the merits of his claim that his Order of Supervision was revoked in violation of the regulatory safeguards intended to ensure due process for noncitizens and his third country removal claim. *Id.* In the Preliminary Injunction, the Court incorporated by reference the analysis from the TRO with respect to Petitioner's "'original' detention claim— which this Court has already considered and found meritorious." Preliminary Injunction at 6 (citing TRO at 12–14). Because the parties represented that the matter is fully briefed on the merits of the Petition, the Court sees no reason to depart from its previous analysis and incorporates it herein. Accordingly, the Court finds that the appropriate remedy is to grant the Petition as to Petitioner's claim that his Order of Supervision was revoked in violation of the regulatory safeguards intended to ensure due process for noncitizens and his third country removal claim, thereby placing the relief already afforded by the TRO and Preliminary Injunction on a permanent footing.

///

///

3

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The Petition is GRANTED IN PART as to Petitioner's claim that his Order of Supervision was revoked in violation of the regulatory safeguards intended to ensure due process for noncitizens and his third country removal claim; and

2. Respondents are ORDERED to comply with the required statutory procedures prior to any future enforcement actions or re-detention of Petitioner, including the procedures outlined in the Court's TRO and Preliminary Injunction. *See generally* TRO; Preliminary Injunction.

DATED: June 30, 2026

_____
HONORABLE WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

4